Richard PIERMAN, Plaintiff/Appellee,

v.

GREEN TREE FINANCIAL SERVICING CORPORATION, Defendant/Appellant,

and

Green Tree Financial Corporation; Green Tree Acceptance, Inc.; Green Tree Agency, Inc.; American Bankers Insurance Company of Florida; Foremost Insurance Company; and Defendants X, Y, and Z, foreign corporations, Defendants.

No. 87714.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 14, 1997.

Melvin R. McVay, Jr., James A. McCaffrey, and Sandy L. Schovanec, Phillips McFall McCaffrey McVay & Murrah, Oklahoma City, for Defendant/Appellant.

Ben T. Lampkin and Mark A. Wolfe, Lampkin, Wolfe & Associates, Oklahoma City, for Plaintiff/Appellee.

## MEMORANDUM OPINION

ADAMS, Chief Judge:

Appellant Green Tree Financial Servicing Corporation presents one question for our consideration—Did the trial court properly deny its Motion to Dismiss for Lack of Subject Matter Jurisdiction or to Compel Arbitration and for a Stay of Proceedings in this dispute with Appellee Richard Pierman? We answer that question in the negative, having concluded that, on the record presented, the trial court should have compelled arbitration of the parties' dispute and stayed the proceedings.

According to the record, the parties' relationship arose when Pierman financed part of the purchase of a boat trailer in October of 1995. The financing agreement was assigned by the lender to Green Tree. Under the parties' contract, Pierman agreed to purchase and maintain insurance coverage on the trailer and to name the lender as a loss payee. The contract also granted the lender the right to obtain coverage for its interest and to add the cost of that coverage to the secured obligation if Pierman failed to· obtain or maintain insurance or to name it as a loss payee. After Pierman's insurance coverage lapsed, Green Tree purchased coverage on the trailer and added the premium to the obligation under the financing agreement.

Pierman later filed a class action petition alleging as theories for recovery against Green Tree and other defendants: breach of implied covenants of good faith and fair dealing, unjust enrichment, breach of fiduciary duties, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, and civil conspiracy. Pierman asked for restitution, declaratory and injunctive relief, and punitive damages.

Pierman claimed the interest charged on the financing for the insurance was exorbi-

tant, the replacement coverage obtained was exorbitantly overpriced and provided minimal coverage, and that the insurance was placed through persons or companies in which Green Tree has a financial interest, thereby wrongfully allowing Green Tree to earn extra profits, commissions and/or kickbacks. Pierman claimed he and others in the class had not been adequately advised about their insurance responsibilities, the effect on their payments if replacement coverage was obtained by the lender, or that agents or representatives of the lender would earn "a huge profit or receive other benefits" by obtaining the replacement coverage. The trial court denied Green Tree's Motion to Dismiss for a Lack of Subject Matter Jurisdiction or for a Stay of the Proceedings and to Compel Arbitration, and Green Tree filed this appeal.[1]

■ The arbitration clause in the parties' contract states that "[a]ll disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract" will be resolved by arbitration "in accord with the Code of Procedure of Equilaw's National Arbitration Forum" and that the contract "shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1."[2] At the outset, we note the trial court had jurisdiction to consider whether this controversy is arbitrable, because, as was recognized in *Shaffer v. Jeffery*, 915 P.2d 910, 913 (Okla.1996), an agreement to arbitrate raises an affirmative defense under the Federal Arbitration Act, not a jurisdictional issue. Hence, our reversal of the denial of Green Tree's motion is not predicated upon a lack of jurisdiction.

■ The key inquiry is whether a given dispute falls within the scope of an agreement to arbitrate because the existence of such an agreement is a prerequisite to arbitration. *Voss v. City of Oklahoma City*, 618

---

1. An order denying an application to compel arbitration is immediately appealable under 15 O.S.1991 § 817(A)(1). None of the defendants other than Green Tree were ever served with summons. Accordingly, we do not consider whether Pierman's dispute with them is subject to arbitration.

2. Parties are free to specify by contract the rules under which arbitration will be conducted and to including provide that the law of a particular jurisdiction will apply. *Williams v. Shearson Lehman Bros., Inc.*, 917 P.2d 998, 1002 (Okla. App.1995); *See also Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

P.2d 925 (Okla.1980). We must first determine whether the parties agreed to arbitrate the type of disputes here at issue. *Wolverine Exploration Co. v. Natural Gas Pipeline Co. of America Inc.*, 842 P.2d 352 (Okla.App. 1991). We conclude that they did.

Pierman argues that his claims do not arise from performance of the contract and are therefore not covered by the arbitration clause. This argument and Pierman's reliance upon the authorities cited in his brief ignore the plain, unambiguous language of the contract. It is not limited to disputes arising from performance of the contract but covers any dispute "arising from or relating to this contract or the relationships which result from this contract." All of the duties which Pierman claims Green Tree violated were imposed, if at all, because of the relationship created by the contract.

Pierman also argues tort claims are not subject to arbitration and cites several cases in support of this contention. These authorities do not support the application of such a blanket rule. Rather, they are based on an analysis of the particular arbitration clauses at issue and interpret contractual text quite different from that presented here. Pierman signed a contract which states "the parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, *tort,* and property disputes will be subject to binding arbitration in accord with this contract." (Emphasis added.) Were we to conclude that disputes sounding in tort are outside the scope of this arbitration clause, we would be required to ignore the words used in this contract. We shall not do so.

Finally, Pierman argues his claims relate to insurance coverage and are exempt from arbitration under 15 O.S.1991 § 818.[3] This dispute arises from and relates to the exercise of the lender's right to obtain replacement insurance coverage when the borrower failed to obtain or maintain insurance on the collateral for the financing, a right granted by the contract, not an insurance carrier-insured relationship. Therefore, state law governing the arbitrability or nonarbitrability of insurer-insured disputes is inapplicable, and we need not consider Green Tree's argument that the Federal Arbitration Act preempts the application of § 818.

The order of the trial court denying Green Tree's motion is reversed, and this matter is remanded for entry of an order staying the underlying proceedings as to Greentree and compelling arbitration of the disputes with Greentree stated in Pierman's petition under the rules specified in the parties' contract.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

CARL B. JONES, P.J., and GARRETT, J., concur.

---

3. Section 818 exempts "contracts between insuror and insured, except where both the insured and insuror are insurance companies" from the scope of the Uniform Arbitration Act as adopted in Oklahoma, 15 O.S.1991 § 801, *et seq.*