2002 OK CIV APP 123

**Tracy A. CINOCCA, Plaintiff/Appellee,**

v.

**ORCRIST, INC. d/b/a Austin Consultant Group, Defendant/Appellant,**

and

**Robert Lee Rainey, Defendant.**

**No. 97,388.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 27, 2002.

Tracy A. Cinocca, Cinocca & Associates, Tulsa, OK, Pro se.

Joseph C. Schubert, Oklahoma City, OK, for Defendant/Appellant.

Opinion by CAROL M. HANSEN, Presiding Judge:

¶ 1 Appellant, Orcrist, Inc. (Orcrist), brings this appeal from the trial court's denial of its Motion to Compel Arbitration.

¶ 2 The issue of arbitration in this matter arises from a February 16, 2000 "Separation Agreement" (the Agreement) executed by Appellee, Tracy A. Cinocca (Cinocca), and Defendant, Robert Lee Rainey (Rainey). The Agreement documents the terms of Cinocca's "termination by mutual agreement" from the law firm (the Association) where she had been an associate. Rainey signed individually and for the Association. The Agreement provides, *inter alia:*

> ... The Association and the Associate agree that all disputes, controversies, or claims arising under or relating to this Agreement, shall be promptly resolved exclusively by binding arbitration, ...

¶ 3 Cinocca initiated this action against Orcrist in January 2001. She alleged, generally, that Orcrist, who had provided computer consultant services on her computers, "[o]n February 16, 2000, ... deleted or caused to be deleted and copied, numerous programs, drivers, settings, configurations and data from [Cinocca's] Personal Office Computer at the request and instigation of a co-worker for whom [Cinocca] was an independent contractor." The record reflects Orcrist's technician, at the direction of Rainey, did delete some software from Cinocca's personal com-

puter while it was still on the Association's premises, and took other action with the computer to bar Cinocca's access to the Association's computer network.

¶ 4 Cinocca's Petition further alleged she sustained damages, [1] for loss of computer services and software, [2] to return the computer back to its condition before the alleged unauthorized activities, [3] for loss of computer use for three months, and [4] lost wages. Cinocca asserted claims for breach of express warranty, negligence, and fraudulent misrepresentation.

¶ 5 Orcrist moved to dismiss Cinocca's Petition, or in the alternative to stay the litigation and require Cinocca to pursue her claims in binding arbitration under the Agreement. Orcrist argued the Petition should be dismissed because Cinocca either failed to plead material elements of the claims or specifically plead the allegations of fraudulent misrepresentation.

¶ 6 Orcrist contended even if Cinocca was allowed to amend her claims, those claims should still be dismissed because it was acting as the known agent of Rainey and at his direction and control when it was involved in the acts alleged. Orcrist additionally contended that if Cinocca was allowed to proceed against it, she must do so in binding arbitration because it is a third party beneficiary under the agreement.

¶ 7 Cinocca filed an objection to Orcrist's motion to dismiss or stay, arguing her Petition was sufficient as a matter of law. She nonetheless filed an accompanying Motion to amend her Petition to cure the alleged deficiencies. She also moved for summary judgment on the basis there was no dispute as to the material facts regarding liability. She argued [a] the Agreement was inapplicable as to Orcrist, but even if found binding, was unenforceable because she was fraudulently induced to sign it, and [b] the allegations of fraud in the inducement must be resolved before the trial court could either dismiss the case or compel arbitration.

¶ 8 Orcrist subsequently conceded Cinocca's Amended Petition cured its assertions as to sufficiency and that the claims should

not be dismissed, nor should summary judgment be granted it on the agency theory. Orcrist did, however, persist in its assertion the litigation must be ordered to arbitration because it was entitled to enforce the Agreement's arbitration provision. Orcrist continued to argue Cinocca's claims based on purported violations of the Oklahoma Computer Crimes Act, 21 O.S.1991 §§ 1951 *et seq.*, must be dismissed because there was no showing of criminal conviction as required before civil liability attaches under that act.[1]

¶ 9 Orcrist then filed a Motion to Compel Arbitration. In that motion Orcrist argued Cinocca should be equitably estopped from asserting fraudulent inducement, but if the court deemed a fact question existed as to that issue, a hearing should be held on its merits before the litigation proceeded further. The trial court denied this motion and granted Cinocca's motion to join Rainey.

¶ 10 Cinocca amended her Petition to add Rainey as a defendant to include claims of fraudulent misrepresentation and deceit, invasion of privacy and tortious interference with her contractual relationship with Orcrist. In his Answer, Rainey asserted, among other things, that Cinocca's claims were subject to binding arbitration. Rainey also asserted counter-claims against Cinocca for breach of contract, conversion and fraud, constructive fraud, misrepresentations and deceit.

¶ 11 Rainey and Orcrist filed a Joint and Several Motion to Compel Arbitration. The arguments and authorities in support of this motion were substantially reiterations of those previously propounded by Orcrist in its earlier Motion to Compel Arbitration. Cinocca responded that the trial court had previously denied Orcrist's Motion to Compel Arbitration and should do so again on this motion. She again contended she was fraudulently induced into executing the Agreement and that the arbitration clause should therefore not be enforceable as to any claims she has against Orcrist or Rainey.

¶ 12 The trial court again denied Orcrist's Motion to Compel Arbitration. From the bench, the trial court stated the Agreement

---

1. The trial court did dismiss Cinocca's Oklahoma Computer Crimes Act claims without prejudice. Although Cinocca continues to refer to this Act in her appellate brief, these claims are not at issue here.

"still doesn't apply to [Orcrist]". In the same order denying Orcrist's motion, the court also ruled it would set a date to hear Cinocca's defense of fraudulent inducement "for a final determination of [Rainey's] Motion to Compel Arbitration." Orcrist brings its appeal from that order.[2]

¶ 13 Orcrist asserts several theories under which it contends it is entitled, pursuant to the Agreement, to arbitrate Cinocca's claims. We find it is so entitled in accordance with the doctrine of equitable estoppel. We therefore need not determine if Orcrist was entitled to compel arbitration of Cinocca's claims under the other asserted theories.

¶ 14 The initial inquiry is whether the dispute here at issue is within the scope of the arbitration clause of the Agreement. *Pierman v. Green Tree Financial Serv.*, 1997 OK CIV APP 2, 933 P.2d 955. We find that it is. The Agreement provides Cinocca will immediately return to the Association "all information and materials relating to the Association's trade secrets, confidential and proprietary information of a special and unique value", relating to such matters as, but limited to, "programs, software, systems, procedures, …". She also agreed to return, among other things, "computer access codes, computer disks, …, which [Cinocca] received … in connection with her services performed with Association."

¶ 15 Cinocca concedes her personal computer in controversy, which she used in her office for Association work, contained items to be returned to Association in accordance with the Agreement. She states in her appellate brief that on her last day at work she repeatedly telephoned Orcrist "to perform their services [on her computer] in her presence so that disputes over work product between her and Rainey could be addressed to everyone's satisfaction."

¶ 16 Cinocca's complaint is thus not that Rainey, acting for the Association, had no right under the Agreement to retrieve Association's materials from her computer, but

that he, and Orcrist at his direction, acted improperly in doing so. As noted above, the arbitration clause provides that "all disputes, controversies, or claims *arising under or relating to* this Agreement, shall be promptly resolved by binding arbitration." (Emphasis added). The claims and controversies here, at a minimum, relate to the rights and obligations arising under the Agreement, *i.e.*, Cinocca's duties, and Association's rights, regarding computer related items. The dispute is within the scope of the Agreement. *Pierman v. Green Tree Financial Serv.*, 933 P.2d at 956.[3]

¶ 17 Cinocca contends, and the trial court found, Orcrist may not compel arbitration because it is not a signatory to the Agreement. We do not agree. Our Oklahoma appellate courts have not addressed this question, but we are persuaded by the reasoning of other courts who have, particularly the Federal bench. In *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999), the Circuit Court of Appeals held there are certain exceptions to the rule that arbitration rights are generally predicated on an express decision to waive the right to trial in a judicial forum. Among those exceptions, and offered here by Orcrist, are agency, third party beneficiary, and equitable estoppel. As stated above, because we find equitable estoppel applicable, we render no decision as to the other theories.

¶ 18 The *Franklin* Court further held equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. The first is where the signatory must rely on the written agreement in asserting its claims against the nonsignatory. That is not the case here. The second circumstance is when the signatory raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and another signatory. That is the case here.

¶ 19 In her Third Amended Petition, Cinocca alleged "[Orcrist] and Rainey knew

---

**2.** Rainey did not file a Petition in Error and is not a party to this appeal. While this matter was pending review here Cinocca and Rainey mutually agreed to dismiss their respective claims against the other "in favor of pursuing arbitration pursuant to the Separation Agreement … with prejudice to refiling."

**3.** *See also, Via Fone, Inc. v. Western Wireless Corporation,* 106 F.Supp.2d 1147 (If the allegations underlying the claims "touch matters" covered by the parties' sales agreements, then those claims must be arbitrated, whatever the legal labels attached to them.)

they did not have permission to access her computer without her presence and Plaintiff communicated this to them and/or Rainey represented falsely that access would occur in Plaintiff's presence." She further alleged, "[t]he Unauthorized and Illegal Acts complained of by Plaintiff constitute the basis of this Litigation and were requested and performed at the direction of Rainey without Plaintiff's consent."

¶ 20 Cinocca's claims in her Third Amended Petition include, "[Orcrist's] and Rainey's Fraudulent Misrepresentation and Deceit", "[Orcrist] and Rainey Invaded Plaintiff's Privacy", "[Orcrist] and Rainey Converted Plaintiff's Computer to their own Personal Use and Enjoyment", and "[Orcrist] and Rainey Intentionally or Recklessly Inflicted Emotional Distress".

¶ 21 As in *Franklin,* it is clear Cinocca's claims against Orcrist and Rainey are "inherently inseparable." Where claims against the nonsignatory and the signatory are so "intertwined", application of equitable estoppel is warranted. Otherwise, arbitration proceedings between the signatories "would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Franklin,* at 947. Oklahoma has enunciated a similar policy favoring arbitration statutes. *Rollings v. Thermodyne Industries, Inc.,* 1996 OK 6, 910 P.2d 1030.

¶ 22 The Fifth Circuit Court of Appeals addressed application of equitable estoppel to cases involving nonsignatories in *Grigson v. Creative Artists Agency, L.L.C.,* 210 F.3d 524 (5th Cir.), *cert.denied* 531 U.S. 1013, 121 S.Ct. 570, 148 L.Ed.2d 488 (2000). The Court found that in instances of alleged "interdependent and concerted misconduct" the signatory, in essence, becomes a party, with resulting loss, among other things, of time and money because it requires participation in the court proceedings. The *Grigson* Court further found concomitant detrimental reliance on the part of the signatory because the signatory-plaintiff is seeking to avoid the agreement to use generally less expensive arbitration by bringing the action against a nonsignatory charged with intertwined conduct.

¶ 23 Finally, we find no need to consider the merits of Cinocca's fraudulent inducement/duress claim. Generally, allegations of fraud in the inducement of an agreement must be resolved by the court prior to either compelling arbitration or dismissing the case. *Shaffer v. Jeffery,* 1996 OK 47, 915 P.2d 910. Cinocca raised the issue below, and the trial court ruled it would set a date for a hearing.

¶ 24 However, a hearing on Cinocca's defense of fraudulent inducement was precluded by Cinocca and Rainey mutually dismissing their claims against each other "in favor of pursuing arbitration pursuant to the Separation Agreement." By agreeing to mutually dismiss and arbitrate the respective claims prior to the trial court's hearing on fraudulent inducement, Cinocca voluntarily withdrew the issue and waived her right to have it decided in litigation. *See, Guinn v. Church of Christ of Collinsville,* 1989 OK 8, 775 P.2d 766. (A waiver is the voluntary or intentional relinquishment of a known right.)

¶ 25 The trial court's order is REVERSED and this matter is REMANDED with instructions to the trial court to issue an order compelling Cinocca to arbitrate her claims against Orcrist.

¶ 26 Cinocca's Motion to Dismiss Appeal is DENIED.

ADAMS, J., and MITCHELL, J., concur.