**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ROBERT FERRELL,

     Plaintiff - Appellee,

v.

CYPRESS ENVIRONMENTAL
MANAGEMENT-TIR, LLC,

     Intervenor Defendant - Appellant,

and

SEMGROUP CORPORATION,

     Defendant.

_____

ROBERT FERRELL, individually and for
others similarly situated,

     Plaintiff - Appellee,

v.

SEMGROUP CORPORATION,

     Defendant - Appellant,

and

CYPRESS ENVIRONMENTAL
MANAGEMENT- TIR, LLC,

No. 20-5092
(D.C. No. 19-CV-00610-GKF-JFJ)
(N.D. Okla.)

No. 20-5093
(D.C. No. 19-CV-00610-GKF-JFJ)
(N.D. Okla.)

Intervenor Defendant.

## ORDER AND JUDGMENT[*]

Before **HOLMES**, **BALDOCK** and **MATHESON**, Circuit Judges.

Defendants SemGroup Corporation ("SemGroup") and Cypress Environmental Management-TIR, LLC ("Cypress") appeal the district court's order denying their motions to compel arbitration.   Exercising jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(B), we reverse.

## I.

SemGroup is a midstream energy company that transports oil and natural gas through a network of pipelines.  SemGroup hires various service companies to construct and maintain its pipelines, and contracted one such company, Quantas Pipeline Services ("QPS"), to inspect some of its pipelines.  In turn, QPS subcontracted Cypress to fulfill those obligations.  Robert Ferrell worked as a Chief Inspector for Cypress and was assigned to perform inspections on one of SemGroup's pipelines from June 2016 to June 2017. Ferrell entered into an employment agreement with Cypress.  Ferrell's agreement with Cypress included an arbitration clause stating:

> The parties agree that any dispute, controversy or claim arising out of or related to in any way to the parties' employment relationship or termination

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of that relationship, including this Employment Agreement or any breach of this agreement, shall be submitted to and decided by binding arbitration in Tulsa, Tulsa County, Oklahoma. Arbitration shall be administered under the laws of the American Arbitration Association in accordance with American Arbitration Association Employment Arbitration Rules and Mediation Procedures in effect at the time the arbitration is commenced.

The agreement further precluded class actions before a court or an arbitral proceeding.

Nonetheless, in November 2019, Ferrell filed a putative collective action against SemGroup, seeking unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b). SemGroup answered Ferrell's complaint and moved to dismiss and compel arbitration under a theory of equitable estoppel. That theory allows a court to estop a plaintiff from avoiding arbitration if (1) "the dispute arises out of or relates to the agreement containing the arbitration clause," *B.A.P., L.L.P. v. Pearman*, 250 P.3d 332, 337 (Okla. Civ. App. 2011), or (2) the plaintiff alleges "substantially interdependent and concerted misconduct by both the nonsignatory and another signatory." *Cinocca v. Orcrist, Inc.*, 60 P.3d 1072, 1074 (Okla. Civ. App. 2002) (citing *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999)). SemGroup argued both prongs counseled in favor of estopping Ferrell from avoiding arbitration and that he should be compelled to arbitrate the claims against it pursuant to the arbitration provision in his contract with Cypress. Before the district court ruled on SemGroup's motion, however, Cypress moved to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). The district court concluded intervention was justified and granted Cypress's motion because it found that Cypress and SemGroup might be joint and severally liable as joint employers under the FLSA.

3

Cypress then filed its own motion to compel arbitration, which SemGroup joined. Cypress and SemGroup's joint motion asserted two theories in support of compelling arbitration. First, they argued the delegation clause in Ferrell's employment agreement required threshold questions of arbitrability—including whether claims against non-signatories such as SemGroup fell within the scope of the agreement—be decided by the arbitrator. Second, they reasserted the claim that Ferrell was estopped from avoiding arbitration under a theory of equitable estoppel.

In a memorandum opinion and order, the district court denied both SemGroup's individual motion and Cypress and SemGroup's joint motion to compel arbitration. The district court rejected Cypress and SemGroup's delegation argument, relying on one of our previous opinions, *Belnap v. Iasis Healthcare*, 844 F.3d 1272 (10th Cir. 2017), to state that "the court, not an arbitrator, must look to relevant state law." *Ferrell v. SemGroup Corp.*, 485 F. Supp. 3d 1334, 1340 (N.D. Okla. 2020). The district court proceeded to analyze Cypress and SemGroup's estoppel claims. In doing so, it applied the two prongs of equitable estoppel, but reasoned that neither justified estopping Ferrell. On appeal, Cypress and SemGroup renew the arguments made in their joint motion before the district court.

II.

The Court reviews de novo a district court's decision to deny a motion to compel arbitration. *Reeves v. Enter. Prod. Partners, LP*, —F.4th—, 2021 WL 5183636, at *2 (10th Cir. Nov. 9, 2021); *Avendon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997); *Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163, 1166 (10th Cir. 1999). The parties dispute

the standard of review governing a district court's decision to deny a motion to compel based upon a theory of equitable estoppel. Ferrell argues the Court should review the district court's order for abuse of discretion, whereas Cypress and SemGroup assert we should review the order de novo. We need not agonize over this decision because our recent opinion in *Reeves* disposes of the issue. Decisions about the applicability of equitable estoppel in the arbitration context raise "at least mixed questions of law and fact." *Reeves*, 2021 WL 5183636, at *2 (quoting *Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731 (8th Cir. 2009)). Accordingly, we review the district court's decision de novo. *Id.*

III.

As a threshold matter, the Court notes that the foundation of the district court's arbitrability analysis is incorrect because it misinterpreted our *Belnap* opinion. The district court stated, "to determine whether a nonsignatory to an arbitration agreement can compel arbitration of claims against it, the *court*, not an arbitrator, must look to relevant state law," and relied on *Belnap* as support. *Ferrell*, 485 F. Supp. 3d at 1340 (emphasis added). In ruling that the court had to decide whether a nonsignatory could compel arbitration under the agreement rather than the arbitrator, the district court necessarily answered the question of whether the agreement delegated that responsibility to the arbitrator. Although we addressed the applicability of Utah law to the question of whether a nonsignatory could

5

compel arbitration in *Belnap*, we expressly declined to consider the question of whether responsibility for making that determination had been delegated to the arbitrator because the parties had waived that argument. *See Belnap*, 844 F.3d at 1293 n.16. That was not the case before the district court as Cypress and SemGroup both argued the delegation clause should operate to send threshold questions of arbitrability to the arbitrator. The district court therefore misapplied *Belnap*.

Nevertheless, we similarly needn't reach the question of whether or under what circumstances delegation clauses encompass threshold issues of nonsignatory claims. Our recent decision in *Reeves* allows us to provide more complete relief through equitable estoppel than determining the delegation clause's applicability to SemGroup would.[1] We therefore decline to address the latter question here.

## IV.

Proceeding to the question of whether Ferrell should be estoped from avoiding arbitration, we look to the binding precedent of our Circuit for guidance. *See, e.g.*, *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (citation omitted)); *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996) (same). We note that this case bears remarkable similarity to our recent decision in *Reeves*. In fact,

---

[1] If we resolved the case on the delegation clause, the arbitrator would still have to determine that the dispute fell within the scope of its provisions. By applying equitable estoppel, however, we can resolve the dispute definitively and send it to the arbitrator for resolution on the merits.

*Reeves* involved an employee of Cypress, who, along with an employee of another service provider, asserted FLSA claims against the customer they had been assigned to perform work. *See* 2021 WL 5183636, at *1. Like Ferrell, the Plaintiff in *Reeves* artfully pleaded around the arbitration clause in his contract by only asserting claims against the customer he had been assigned to. *See id.* The customer filed motions to compel arbitration based on the same "concerted misconduct estoppel" we consider here. *Id.* at *2. The district court, however, denied those motions because the Oklahoma Supreme Court had not adopted "concerted misconduct estoppel." *Id.* Thus, *Reeves*'s posture was almost identical to the case we consider here, except that Cypress, Plaintiff's employer, has successfully intervened in the lawsuit.

*Reeves* undoubtedly controls our analysis because it squarely addressed the same question presently before us—whether the Oklahoma Supreme Court would adopt "concerted misconduct estoppel." *Id.* at *3. Relying on decisions from the Oklahoma Court of Civil Appeals, we concluded there was enough support from Oklahoma's case law to hold that the Oklahoma Supreme Court would recognize "concerted misconduct estoppel."[2] *Id.* at *3–4.

---

[2] Ferrell, however, disagrees with our conclusion and points us to supplemental authority from the Oklahoma Supreme Court, which he believes undermines the idea that Oklahoma would adopt this theory of estoppel. We do not share Ferrell's assessment. The case Ferrell cites, *State ex rel. Hunter v. Johnson & Johnson*, —P.3d—, 2021 WL 5191372 (Okla. Nov. 9, 2021), is markedly different from the one before us. In *Hunter*, the Oklahoma Supreme Court addressed the question of "whether the conduct of an opioid manufacturer in marketing and selling its products constituted a public nuisance." *Id.* at *1. Because of

Continued . . .

7

We further noted that only the second prong, which applies equitable estoppel "when the signatory raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract," applied to the case. *Id.* at *4. Analyzing that prong, we held that "Reeves's claims against Enterprise are 'clearly relate[d]' to his employment agreement and 'substantially intertwined' with Cypress's conduct because it involve[d] the income he expected to receive from Cypress during his employment." *Id.* at *6 (citation omitted). We also stated in relevant part:

> The alleged "misconduct" in this case is the fact Enterprise did not pay Reeves overtime wages. Cypress was the one who paid Reeves's salary and sent him records of his pay stubs. The same is true for King and Kestrel. Given that Cypress was the one who actually paid Reeves a flat day rate, the allegations of misconduct against the nonsignatory and the signatory are substantially interdependent. This litigation will require Cypress and Kestrel to become involved and "in essence" make them parties.

*Id.* at *4 (citation omitted). Thus, we concluded that "[w]hile Reeves may have carefully left out any claims against Cypress in his pleading, his claims are 'inherently inseparable'

---

*Hunter*'s specific focus on public nuisance under Oklahoma law, we do not believe it can be appropriately read as rejecting the adoption of *any* equitable doctrine thus far unrecognized by the Oklahoma Supreme Court. Absent a decision from the Oklahoma Supreme Court that either clearly declines to adopt "concerted misconduct estoppel" or otherwise directly undermines *Reeves*'s reasoning, we are bound to apply the precedent of this Court. *See Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003) ("[W]hen a panel of this Court has rendered a decision interpreting state law, that interpretation is binding . . . on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue." (citation omitted)); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, —F.4th—, 2021 WL 5066571, at *5 (10th Cir. 2021) (same).

8

and integrally related from his relationship, employment, and agreement with Cypress." *Id.* at *5 (citation omitted). Accordingly, we estopped Reeves from avoiding arbitration.

Applying these principles to the facts before us, the case for estopping Ferrell from avoiding arbitration is even clearer than it was in *Reeves*. As a threshold matter, *Reeves* found estoppel appropriate in a case where the Plaintiff's employer was *not* party to the suit. Here, Cypress is a party to the suit, having intervened based on potential joint and several liability with SemGroup. Ferrell's case, then, is precisely the type of lawsuit that "concerted misconduct estoppel" was designed to address.

At bottom, we find the application of "concerted misconduct estoppel" appropriate for two reasons. First, Ferrell's claims against SemGroup unquestionably comprise "substantially interdependent and concerted misconduct" with Cypress. *See Cinocca*, 60 P.3d at 1074. Cypress employed Ferrell, paid his wages, and withheld his taxes. Ferrell only performed work for SemGroup by virtue of his employment with Cypress. Given these facts, any FLSA violations committed by SemGroup, a nonsignatory to Ferrell's employment agreement, are inherently "interdependent" on the alleged misconduct of Cypress, a signatory to Ferrell's employment agreement. In this sense, Ferrell's case is analogous to the Oklahoma Court of Civil Appeals' decisions adopting this form of estoppel. *See, e.g.*, *id.* at 1074–75 (holding that a dispute with a non-signatory was "inherently inseparable" from, and "intertwined" with, claims against a signatory).

Second, as we emphasized in *Reeves*, estoppel is an equitable doctrine. As such our analysis is necessarily driven by considerations of fairness. *See Reeves*, 2021 WL

9

5183636, at \*4; *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) ("The linchpin of equitable estoppel is equity—fairness."). It is clear to us that Ferrell is employing the same tactics we rejected in *Reeves*. By bringing FLSA claims against SemGroup, Ferrell is trying to use his contract with Cypress to his advantage when it suits him and disavow it when it does not. After all, Ferrell would not have performed work for SemGroup, much less had any grounds for asserting FLSA claims against it, were it not for his employment agreement with Cypress. Ferrell's attempt to avoid the arbitration provision he agreed to in his contract with Cypress through artful pleading is the epitome of a party "playing fast and loose with the courts." *See In re Coastal Plains Inc.*, 179 F.3d 197, 205 (5th Cir. 1999); *Reeves*, 2021 WL 5183636, at \*5 (same). We conclude the appropriate course of action is to require Ferrell to honor the contract he agreed to. Accordingly, we hold that Ferrell should be estopped from avoiding arbitration and the entirety of his claim should be adjudicated by an arbitrator in accordance with his agreement with Cypress.

V.

For the foregoing reasons, we **REVERSE** the district court's order denying SemGroup and Cypress's joint motion to compel arbitration. We hereby **REMAND** this

10

case to the district court for proceedings not inconsistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge